**CORRECTED**

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1058V
UNPUBLISHED

| | |
|---|---|
| LINDA BRANTLEY-KARASINKSKI,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: September 28, 2023<br><br>Special Processing Unit (SPU); Entitlement to Compensation; Table Injury; Decision Awarding Damages; Pain and Suffering; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Danielle Anne Strait, Maglio Christopher & Toale, Seattle, WA,* for Petitioner.

*Julia Marter Collison, U.S. Department of Justice, Washington, DC,* for Respondent.

**RULING ON ENTITLEMENT AND DECISION AWARDING DAMAGES**[1]

On August 21, 2020, Linda Brantley-Karasinski filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), alleging that she suffered a right-side Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of an influenza ("flu") vaccine administered to her on October 8, 2019. Petition, ECF No. 1 at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters (the "SPU").

For the reasons described below, I find that Petitioner is entitled compensation, and I award damages in the total amount of **$125,721.11, consisting of $125,000.00 for Petitioner's actual pain and suffering, plus $721.11 for Petitioner's unreimbursed medical expenses.**

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

I.      **Relevant Procedural History**

As noted above, this case was initiated in August 2020. On June 3, 2022, after attempting to resolve this case informally, Petitioner filed a status report stating that the parties had reached an impasse. (ECF No. 38). That same day, Petitioner filed a Motion for Ruling on Record and Brief in support of Damages ("Motion"), arguing that she had established entitlement to compensation for her SIRVA injury, and requesting $130,000.00 for her past/actual pain and suffering, plus $721.11 for her past reimbursed expenses. (ECF No. 37). Petitioner specifically asserted that the evidence in the record preponderantly established that she received a vaccine in her right shoulder on October 8, 2019, that her shoulder injury began within 48 hours of receiving the vaccine, and that she was therefore entitled to compensation. *Id.*

Respondent filed a Rule 4(c) Report and Response to Petitioner's Motion on July 12, 2022 ("Response") recommending that entitlement to compensation be denied under the terms of the Vaccine Act. (ECF Nos. 43-44). Respondent argued that the Table criterion for SIRVA that required that pain and reduced range of motion be limited to the shoulder in which the intramuscular vaccine was administered had not been met in this case. Response at 7. In the event Petitioner is awarded entitlement, Respondent proposes $110,000.00 for past/actual pain and suffering, conceding $721.11 for her past reimbursed expenses. *Id.* at 11-15. Petitioner filed her Reply on July 26, 2022, reiterating the facts and arguments previously set forth in her Motion. (ECF No. 48).

II.     **Factual Findings and Ruling on Entitlement**

   **A. Legal Standards**

Before compensation can be awarded under the Vaccine Act, a petitioner must demonstrate, by a preponderance of evidence, all matters required under Section 11(c)(1), including the factual circumstances surrounding his claim. Section 13(a)(1)(A). In making this determination, the special master or court should consider the record as a whole. Section 13(a)(1). Petitioner's allegations must be supported by medical records or by medical opinion. *Id.*

To resolve factual issues, the special master must weigh the evidence presented, which may include contemporaneous medical records and testimony. *See Burns v. Sec'y of Health & Human Servs.,* 3 F.3d 415, 417 (Fed. Cir. 1993) (explaining that a special master must decide what weight to give evidence including oral testimony and contemporaneous medical records). Contemporaneous medical records are presumed to be accurate. *See Cucuras v. Sec'y of Health & Human Servs.*, 993 F.2d 1525, 1528 (Fed. Cir. 1993). To overcome the presumptive accuracy of medical records testimony, a

petitioner may present testimony which is "consistent, clear, cogent, and compelling." *Sanchez v. Sec'y of Health & Human Servs.,* No. 11–685V, 2013 WL 1880825, at *3 (Fed. Cl. Spec. Mstr. Apr. 10, 2013) (citing *Blutstein v. Sec'y of Health & Human Servs.,* No. 90–2808V, 1998 WL 408611, at *5 (Fed. Cl. Spec. Mstr. June 30, 1998)).

In addition to requirements concerning the vaccination received, the duration and severity of petitioner's injury, and the lack of other award or settlement,[3] a petitioner must establish that she suffered an injury meeting the Table criteria, in which case causation is presumed, or an injury shown to be caused-in-fact by the vaccination she received. Section 11(c)(1)(C).

The most recent version of the Table, which can be found at 42 C.F.R. § 100.3, identifies the vaccines covered under the Program, the corresponding injuries, and the time period in which the particular injuries must occur after vaccination. Section 14(a). Pursuant to the Vaccine Injury Table, a SIRVA is compensable if it manifests within 48 hours of the administration of a flu vaccine. 42 C.F. R. § 100.3(a)(XIV)(B). The criteria establishing a SIRVA under the accompanying QAI are as follows:

> Shoulder injury related to vaccine administration (SIRVA). SIRVA manifests as shoulder pain and limited range of motion occurring after the administration of a vaccine intended for intramuscular administration in the upper arm. These symptoms are thought to occur as a result of unintended injection of vaccine antigen or trauma from the needle into and around the underlying bursa of the shoulder resulting in an inflammatory reaction. SIRVA is caused by an injury to the musculoskeletal structures of the shoulder (e.g. tendons, ligaments, bursae, etc.). SIRVA is not a neurological injury and abnormalities on neurological examination or nerve conduction studies (NCS) and/or electromyographic (EMG) studies would not support SIRVA as a diagnosis (even if the condition causing the neurological abnormality is not known). A vaccine recipient shall be considered to have suffered SIRVA if such recipient manifests all of the following:
>
> (i) No history of pain, inflammation or dysfunction of the affected shoulder prior to intramuscular vaccine administration that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccine injection;

---

[3] In summary, a petitioner must establish that he received a vaccine covered by the Program, administered either in the United States and its territories or in another geographical area but qualifying for a limited exception; suffered the residual effects of his injury for more than six months, died from his injury, or underwent a surgical intervention during an inpatient hospitalization; and has not filed a civil suit or collected an award or settlement for her injury. *See* § 11(c)(1)(A)(B)(D)(E).

3

(ii) Pain occurs within the specified time frame;

(iii) Pain and reduced range of motion are limited to the shoulder in which the intramuscular vaccine was administered; and

(iv) No other condition or abnormality is present that would explain the patient's symptoms (e.g. NCS/EMG or clinical evidence of radiculopathy, brachial neuritis, mononeuropathies, or any other neuropathy).

42 C.F.R. § 100.3(c)(10).

### B. Factual Finding Regarding QAI Criteria for Table SIRVA

The only Table requirement for SIRVA that Respondent contests is the third criterion, i.e., whether Petitioner's pain and reduced range of motion were limited to her left shoulder. Response at 7. Based upon a review of the entire record, and for the reasons set forth below, I find that this criterion has preponderant evidentiary support.

Respondent's argument relies on multiple references in the record documenting radiation of pain to Petitioner's neck and back, along with the fact that radiation of pain outside of the shoulder persisted. *See* Ex. 11 at 3-9.[4] While these instances are clearly established in the record, I credit Petitioner's argument that her pain *originated* in her right shoulder, rather than from another source. Reply at 5. And this is not a case where the bulk of Petitioner's pain complaints consistently included an area broader than the shoulder region. On the contrary, the vast majority of records concentrate on Petitioner's complaints and treatment for *right shoulder pain* after vaccination. *See, e.g.*, Ex. 4 at 26, 28, 30 (exhibiting only right shoulder an deltoid pain); Ex. 9 at 13 (diagnosing right shoulder pain); Ex. 11 at 3–4 ("[Right] arm pain feels heavy sore since had flu shot … ").

At most, evidence regarding pain extrinsic to the shoulder are relevant to damages.[5] But they do not defeat an otherwise-meritorious SIRVA claim—especially

---

[4] In fact, Respondent argues, Petitioner had longstanding neck and back pain issues predating vaccination, suggesting an independent cause of Petitioner's concerns. *See* Ex. 11. But Respondent has not advanced the argument that the SIRVA criterion relating to an alternative "condition or abnormality" is unmet.

[5] Petitioner also cites to other SIRVA cases where Petitioner suffered other injuries but was still awarded compensation. *See, e.g., Berge v. Sec'y of Health & Hum. Servs.*, No. 19-1474V, 2021 WL 1784423 (Fed. Cl. Spec. Mstr. Apr. 2, 2021) (chronic back and neck pain); *Johnson v. Sec'y of Health & Hum. Servs.*, No. 19-1117V, 2021 WL 829558 (Fed. Cl. Spec. Mstr. Jan. 25, 2021) (chronic back, thoracic, and neck pain); *Murray v. Sec'y of Health & Hum. Servs.*, No. 18-0534V, 2019 WL 6120001 (Fed. Cl. Spec. Mstr. Sept. 6, 2019) (neurologic symptoms); *Lucarelli v. Sec'y of Health & Hum. Servs.*, No. 16-1712V, 2019 WL 5889235 (Fed. Cl. Spec. Mstr. Aug. 21, 2019) (carpal tunnel and neuralgic pain).

where there is ample and preponderant evidence of consistent, primary shoulder pain. Accordingly, this element of the claim has been met.

### C. Other Requirements for Entitlement

As stated above, I find that Petitioner has satisfied all requirements for a Table SIRVA and is entitled to a presumption of causation. Even if a petitioner has satisfied the requirements of a Table injury or established causation-in-fact, he or she must also provide preponderant evidence of the additional requirements of Section 11(c), i.e., receipt of a covered vaccine, residual effects of injury lasting six months, etc. *See generally* § 11(c)(1)(A)(B)(D)(E). But those elements are established or undisputed. I therefore find that Petitioner is entitled to compensation in this case.

### D. Damages

#### a. The Parties' Arguments

Citing three[6] prior damages determinations, Petitioner requests $130,000.00 in actual pain and suffering. Motion at 9-11. She asserts that her course of treatment (including an MRI, multiple physical therapy sessions, three cortisone injections, a right shoulder arthroscopy with rotator cuff repair, subacromial decompression, synovectomy, and debridement, as well as a post-surgical cortisone injection and home exercise program) is comparable to the aforementioned surgical SIRVA cases and warrants an award at that level. *Id.* at 2-4, 9-11. In particular, she highlights what the petitioner received in *Blanco*,[7] since "she also underwent physical therapy, three cortisone injections, a right shoulder arthroscopy with rotator cuff repair, subacromial decompression, synovectomy, and debridement, as well as a post-surgical cortisone injection and home exercise program."[8] Motion at 9. Petitioner also emphasizes that her work, familial, and personal life was greatly affected by her SIRVA even after surgery. Motion at 10. In her Reply, Petitioner also addressed the cases listed by Respondent. Reply at 6-10. She argued that they were distinguishable for several reasons, but

---

[6] Petitioner discusses the following cases in her Motion: *S.C. v. Sec'y of Health & Hum. Servs.*, No. 19-341V, 2021 WL 2949763 (Fed. Cl. Spec. Mstr. June 14, 2021); *Blanco v. Sec'y of Health & Hum. Servs.*, No. 18-1361V, 2020 WL 4523473 (Fed. Cl. Spec. Mstr. July 6, 2020); *Reed v. Sec'y of Health & Hum. Servs.*, No. 16-1670V, 2019 WL 1222925, at *1 (Fed. Cl. Spec. Mstr. Feb. 1, 2019) (Special Master Dorsey)

[7] *Blanco v. Sec'y of Health & Hum. Servs.*, No. 18-1361V, 2020 WL 4523473, at *2-3 (Fed. Cl. Spec. Mstr. July 6, 2020).

[8] The petitioner in *Blanco* was awarded $135,000.00 in pain and suffering. *Blanco*, 2020 WL 4523473, at *2-3.

5

ultimately because her treatment lasted longer and was more involved than with other petitioners. *Id.*

Respondent proposes an award of no more than $110,000.00 for Petitioner's pain and suffering. Response at 11–15. He argues that "Petitioner's right shoulder injury was mild to moderate," and Respondent cites eight[9] prior SIRVA damages decisions, which he finds are consistent with a $110,000.00 pain and suffering assessment. *Id.* at 11. Respondent argues that the cases Petitioner cites as comparables are distinguishable because Petitioner reported only moderate pain and her symptoms resolved within one year of surgery, physical therapy, and steroid injections compared to situations in which petitioners received far more treatment and endured more significant or ongoing sequelae. *Id.* at 14-15.

### b. Legal Standards for Damages Awards

In another recent decision, I discussed at length the legal standard to be considered in determining damages and prior SIRVA compensation within SPU. I fully adopt and hereby incorporate my prior discussion in Sections II and III of *Berge v. Sec'y Health & Human Servs.*, No. 19-1474V, 2021 WL 4144999, at *1-3. (Fed. Cl. Spec. Mstr. Aug. 17, 2021).

In sum, compensation awarded pursuant to the Vaccine Act shall include "[f]or actual and projected pain and suffering and emotional distress from the vaccine-related injury, an award not to exceed $250,000." Section 15(a)(4). The petitioner bears the burden of proof with respect to each element of compensation requested. *Brewer v. Sec'y of Health & Human Servs.*, No. 93-0092V, 1996 WL 147722, at *22-23 (Fed. Cl. Spec. Mstr. Mar. 18, 1996). Factors to be considered when determining an award for pain and suffering include: 1) awareness of the injury; 2) severity of the injury; and 3) duration of the suffering.[10]

### c. Appropriate Compensation for Pain and Suffering

---

[9] Respondent discusses the following cases in his Opposition Brief: *Smith v. Sec'y of Health & Hum. Servs.*, No. 19-0745V, 2021 WL 2652688 (Fed. Cl. Spec. Mstr. May 28, 2021); *Shelton v. Sec'y of Health & Hum. Servs.*, No. 19-279V, 2021 WL 2550093 (Fed. Cl. Spec. Mstr. May 21, 2021); *Martin v. Sec'y of Health & Hum. Servs.*, No. 19-830V, 2021 WL 2350004 (Fed. Cl. Spec. Mstr. May 5, 2021); *Weed v. Sec'y of Health & Hum. Servs.*, No. 18-1473V, 2021 WL 1711800 (Fed. Cl. Spec. Mstr. Mar. 30, 2021); *Cates v. Sec'y of Health & Hum. Servs.*, No. 18-0277V, 2020 WL 3751072 (Fed. Cl. Spec. Mstr. June 5, 2020); *Wilt v. Sec'y of Health & Hum. Servs.*, No. 18-0446V, 2020 WL 1490757 (Fed. Cl. Spec. Mstr. Feb. 24, 2020); *Curri v. Sec'y of Health & Hum. Servs.*, No. 17-432V, 2018 WL 6273562 (Fed. Cl. Spec. Mstr. Oct. 31, 2018).

[10] *I.D. v. Sec'y of Health & Human Servs.*, No. 04-1593V, 2013 WL 2448125, at *9 (Fed. Cl. Spec. Mstr. May 14, 2013) (quoting *McAllister v. Sec'y of Health & Human Servs.,* No 91-1037V, 1993 WL 777030, at *3 (Fed. Cl. Spec. Mstr. Mar. 26, 1993), *vacated and remanded on other grounds*, 70 F.3d 1240 (Fed. Cir. 1995)).

In this case, awareness of the injury is not disputed. The record reflects that at all times Petitioner was a competent adult with no impairments that would impact her awareness of his injury. Therefore, I analyze principally the severity and duration of Petitioner's injury. When performing this analysis, I review the same record relied upon to determine entitlement, including the filed affidavits and medical records, and written briefs. I have also considered prior awards for pain and suffering in both SPU and non-SPU SIRVA cases, and rely upon my experience adjudicating these cases.

First, I note that Petitioner's pain was immediate, and prompted her to seek treatment only days after her October 8, 2019, flu vaccination. Ex. 10 at 4. Thereafter, she underwent significant treatment for her injury for over a year, to include: physical therapy, three steroid injections (Ex. 4 at 28; Ex. 5 at 9; Ex. 10 at 11), an MRI scan (Ex. 4 at 109), a right shoulder arthroscopy with rotator cuff repair, subacromial decompression, synovectomy, and debridement (Ex. 15 at 23), as well as a post-surgical cortisone injection (Ex. 17 at 8). and home exercise program (12 at 6).

Second, Petitioner's medical records establish that she suffered a fairly moderate injury. Petitioner's chiropractic visit two weeks post-vaccination documented that her pain was "moderate," with pain of 5-6 on a scale of 10. Ex. 11 at 3. By February 2020, Petitioner identified sharp pain in her right should that became a 6-8 out of 10 on the pain scale. Ex. 5 at 9. She eventually had her surgery on September 21, 2020. Ex. 15 at 23-24. By November 25, 2020, (three months after surgery), Petitioner reported that her range of motion in her right shoulder was equal and equivalent to her left shoulder. Ex. 17 at 13. Though she received a corticosteroid injection for pain in her right shoulder after this surgery in January 2021, Petitioner reported no other issues in her right shoulder by February 2021. Ex. 17 at 6. By this time, it was noted that Petitioner was "freely engaged in her regular activities with no current issues," and although she had some mild pain post-operation, she could continue her normal activities. Ex. 17 at 6-7

I find that Petitioner's injury is comparable to, but not as severe as, the injury experienced by the petitioner in the *Blanco* case cited by Petitioner in support of her proposed award. *Blanco v. Sec'y of Health & Hum. Servs.*, No. 18-1361V, 2020 WL 4523473 (Fed. Cl. Spec. Mstr. July 6, 2020) (awarding $135,000.00 for past pain and suffering and $1,140.52 in unreimbursable medical expenses). While Petitioner suffered a moderate injury for over a year which required extensive treatment, she ultimately made a strong recovery subsequent to surgery. This is similar to the *Blanco* petitioner, but there the petitioner suffered for over two years and had a more severe SIRVA injury. *Id.* at *2. This warrants a slightly lower amount of compensation to be awarded for the difference in pain levels.

Under such circumstances, and considering the arguments presented by both

parties, a review of the cited cases, and based on the record as a whole, I find that $125,000.00 in compensation for Ms. Brantley-Karasinkski's actual pain and suffering is reasonable and appropriate in this case. Although Petitioner's request for $130,000.00 is reasonable, and consistent with the "best" comparable in my view, I will discount this award slightly to account for the fact that Ms. Brantley-Karasinkski's complaints of pain were not wholly reflective of a SIRVA, but included non-compensable problems like pain radiating to her neck and back. I therefore award Petitioner $125,000.00 for her actual pain and suffering.

### d. Award for Past Unreimbursed Expenses

Ms. Brantley-Karasinkski's requested $721.11 in past unreimbursable expenses. Motion at 13. Respondent finds that the unreimbursed expenses are adequately documented. Response at 15 (citing exhibits 20-27). As such, I award Ms. Brantley-Karasinski $721.11 for past unreimbursable expenses.

### Conclusion

In light of all of the above, the I award **Petitioner a lump sum payment of $125,721.11, (representing $125,000.00 for Petitioner's actual pain and suffering and $721.11 for unreimbursable medical expenses**) **in the form of a check payable to Petitioner, Linda Brantley-Karasinski.** This amount represents compensation for all damages that would be available under Section 15(a) of the Vaccine Act. *Id.*

This amount represents compensation for all damages that would be available under Section 15(a). The Clerk of the Court is directed to enter judgment in accordance with this Decision.[11]

**IT IS SO ORDERED.**

                                      <u>s/Brian H. Corcoran</u>
                                      Brian H. Corcoran
                                      Chief Special Master

---

[11] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.