# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1058V

|  |  |
|---|---|
| LINDA BRANTLEY-KARASINKSKI,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: March 29, 2024 |

*Jamie A. Robinson, Maglio Christopher and Toale, PA, Washington, DC, for Petitioner.*

*Julia Marter Collison, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 21, 2020, Linda Brantley-Karasinski filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a right-side shoulder Injury related to vaccine administration (known as SIRVA) as a result of an influenza vaccine administered to her on October 8, 2019. Petition, ECF No. 1. On September 28, 2023, I issued a ruling on entitlement and decision awarding damages to Petitioner, following briefing by the parties. ECF No. 51.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $58,312.62 (representing $57,307.10 for fees and $1,005.52 for costs). Application for Attorneys' Fees and Costs, filed Nov. 22, 2023, ECF No. 57. In accordance with General Order No. 9, Petitioner represents that Petitioner incurred $3.40 in out-of-pocket expenses. ECF No. 57-3.

Respondent reacted to the motion on November 29, 2023, representing that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. ECF No. 58. Petitioner filed a reply reiterating her request for fees and costs. ECF No. 59.

Having considered the motion along with the invoices and other proof filed in connection, I find reductions in the amount of fees and costs to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Most of the rates requested for work performed through the end of 2023 are reasonable and consistent with our prior determinations. However, the 2023 hourly rate requested for Petitioner's counsel, Jamie Robinson - $275, requires adjustment. ECF No. 57-1.

Mr. Robinson has been a licensed attorney since 2020, equating to two years of experience at the beginning of 2023. ECF No. 57-4 at 2. Therefore, his hourly rate should be in the upper portion of the appropriate range for attorneys with less than four years' experience based on the OSM Attorney Fee Rate Schedules ($193 - $289).

However, Mr. Robinson does not have demonstrated Vaccine Act experience. He was not admitted to practice before this Court until September 2023 (ECF No. 57-4 at 2) and did not enter an appearance in this case until November 2023 (ECF No. 55). And Mr. Robinson will remain within this same range for the current year's work as well. Therefore, it improper for Mr. Robinson to receive a 2023 hourly rate so close to the upper limit of this range which should be reserved for comparably experienced counsel who also have lengthy experience in the Program. See *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-0293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Accordingly, I find it reasonable to reduce Mr. Robinson's rate to $250 per hour for all time billed in 2023. **Application of the foregoing reduces the amount of fees to be awarded herein by $210.00.**[3] Mr. Robinson will be entitled to rate increases in the future, as he demonstrates more experience in the Vaccine Program.

Additionally, regarding the number of hours billed, I deem the *total* amount of time devoted to briefing damages to be excessive. *See* Status Report (reporting an impasse in settlement negotiations), filed June 3, 2022, ECF No. 36; Petitioner's Motion for Findings of Fact and Conclusions of Law Regarding Entitlement to Compensation, filed June 3, 2022, ECF No. 37; Petitioner's Reply to Respondent's Response to Petitioner's

---

[3] This amount is calculated as: ($275 - $250 = $25 x 8.4 hrs.) = $210.00

3

Motion for Findings of Fact and Conclusions of Law Regarding Entitlement to Compensation and Respondent's Rule 4(c), filed July 26, 2022, ECF No. 48. Petitioner's counsel expended approximately 21.0 hours drafting the motion for a ruling on the record and 19.1 hours drafting the reply brief, for a total of 40.1[4] hours. *See* ECF No. 57-1 at 19-21.

My above calculation does not include time spent preparing the initial demand which would have informed this later work – 4.50 hours – and I am therefore awarding fees associated with that task in full.[5] Nor am I counting time spent communicating with Petitioner and preparing additional supporting documentation such as affidavits or signed declarations, which is also being awarded in full. *See,* e.g., ECF No. 57-1 at 19 (entry dated 2/14/22).

It is unreasonable for counsel to spend so much time briefing, even the issue of both entitlement and damages in this case, where the issues presented are not complex. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[6] in which attorneys have accomplished this task in about half the time.[7] *See,* e.g., *Johnson v. Sec'y of Health & Hum. Servs.*, No. 19-1543V (Aug. 17, 2023) (17.8 and 9.7 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Piccolotti v. Sec'y of Health & Hum. Servs.*, No. 20-0135V (June 8, 2023) (11.6 and 3.8 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Merson v. Sec'y of Health & Hum. Servs.*, No. 18-0589V (May 18, 2023) (9.8 hours billed for drafting an entitlement and damages brief – although some time was doubtlessly saved by my March 9, 2020 factual ruling finding an appropriate pain onset); *C.H. v. Sec'y of Health & Hum. Servs.*, No. 20-0249V (May 16, 2023) (12.9 and 6.1 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively).

---

[4] This total is calculated as follows: 34.3 hours billed on: 4/6/22 (two entries), 4/8/22, 4/11/22, 4/13/22, 5/9/22 (two entries), 5/10/22, 6/2/22, 6/3/22, 7/12/22, 7/13/22, 7/14/22, 7/18/22, 7/21/22, 7/22/22 (two entries), 7/25/22, and 7/26/22 (two entries), by LeeAnne Pedrick at a rate of $220; 5.5 hours billed on: 6/2/22 and 7/26/22 (four entries), by Jessica Olins at a rate of $290; and 0.3 hours billed on 7/13/22 by paralegal Audrey Harper at a rate of $170.

[5] This time was billed on 9/13/21; 9/17/21 (two entries); 9/20/21; and 11/30/21 totaling $1,288.80 in fees. *See* ECF No. 57-1 at 15-18.

[6] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[7] These decisions can be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited Mar. 24, 2024).

4

The circumstances of this case did not warrant devoting so much time to the damages briefing. The primary areas of dispute involved symptom location[8] and the appropriate amount of compensation for Petitioner's past pain and suffering. *See Brantley-Karasinkski v. Sec'y of Health & Hum. Servs.,* No. 20-1058V, 2023 WL 7160919, at *3-4 (Fed. Cl. Spec. Mstr. Sept. 28, 2023). The parties' views differed by $20,000.00 - Petitioner sought $130,000.00, and Respondent countered with $110,000.00. *Id.* at *4. Although I ultimately awarded an amount closer to that proposed by Petitioner ($125,000.00) (*id.* at *5), differing by only $5,000.00 – supporting the *need* for damages briefing, I still find the amount of time expended to be excessive.

Of course, having prevailed in this case, a fees award is generally appropriate. But the Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded for damages briefing (**a total of 40.1 hours, or $9,192.00)** by *thirty percent*. Such an across-the-board reduction (which I am empowered to adopt)[9] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $2,757.60.**[10]

## ATTORNEY COSTS

Petitioner requests $1,005.52 in overall costs and $3.40 in Petitioner's out-of-pocket expenses. ECF No. 57-2 (attorney's costs); ECF No. 57-3 (Petitioner's costs). Petitioner has provided supporting documentation for all claimed costs. And Respondent offered no specific objection to the rates or amounts sought.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for

---

[8] 42 C.F.R. § 100.3(c)(10)(iii) (2017).

[9] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[10] This amount is calculated as follows: (34.3 hrs. x $220 x .30) + (5.5 hrs. x $290 x .30) + (0.20 hrs. x $170 x .30) = $2,757.60.

5

attorney's fees and costs. **Petitioner is awarded the total amount of $55,348.42[11] as follows:**

- **A lump sum of $55,345.02, representing $54,339.50 for attorney's fees and $1,005.52 in attorney's costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel; and**

- **A lump sum of $3.40, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

**Per Petitioner's request the checks are to be forwarded to Maglio Christopher and Toale Law: 1605 Main Street, Suite 710, Sarasota Florida 34236.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[12]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[11] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[12] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.